UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                          )
**RÉGINALD ST-GERMAIN,**                  )
                                          )
       Petitioner,        )
                                          )
       v.                 )   Civil Action No. 15-cv-11211-FDS
                                          )
**MAGDALA PROPHETE,**                     )
                                          )
       Respondent.        )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J**.

      This action was initiated pursuant to the Hague Convention on the Civil Aspects of Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed.Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* (formerly 42 U.S.C. § 11601 *et seq.*). For the reasons set forth below, the Court will grant petitioner's emergency motion in part, by prohibiting the respondent from removing the minor child D.S. from this Court's jurisdiction pending a preliminary injunction hearing in this matter.

### I.    Background

      Petitioner Réginald St-Germain has filed a verified petition requesting the immediate return of his child, D.S., to Canada. The petition is accompanied by an emergency *ex parte* motion for a temporary restraining order and order to show cause.

      The petition is brought pursuant to the Hague Convention and ICARA. It seeks, among other things, to compel respondent Magdala Prophete to appear in court to show cause why the D.S. should not be returned to Canada. The petition alleges that respondent has retained D.S. in

Massachusetts in violation of petitioner's custody rights since July 24, 2014.

## II. Analysis

Petitioner has asked this Court to issue an order prohibiting the removal of D.S. from the jurisdiction of this Court, as well as an order commanding respondent to immediately relinquish her passport and the passport of D.S. to this Court.

Upon appropriate motion, the Court has the authority to prevent a child's concealment or removal from the District until such a petition is ruled upon. *See* 22 U.S.C. § 9004(a); Fed. R. Civ. P. 65. ICARA expressly authorizes a court to "take or cause to be taken measures under federal or state law, as appropriate, . . . to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

In light of the representations made to the Court by petitioner, and the very serious irreparable harm that is likely to result both to the child and to petitioner in the event the child is wrongly removed from this jurisdiction, a temporary restraining order is justified to preserve the status quo pending a hearing. For the purposes of Fed. R. Civ. P. 65(b), petitioner has made a sufficient showing that, without a restraining order, he may sustain immediate and irreparable injury before there is an opportunity for a hearing. The present record does not suggest any comparable irreparable harm to respondent that will result from the granting of this temporary injunction. The balance of hardships thus tips in favor of petitioner.

Based on the present record, the Court is also convinced that it is necessary to issue a temporary restraining order without prior notice to respondent. Petitioner's submissions indicate a risk that, should notice be provided, the child might be concealed or taken from this jurisdiction before a temporary restraining order can be served. The Court will not require

petitioner to post a bond as a condition of obtaining this order.

Accordingly, petitioner's motion for an order prohibiting respondent from removing D.S. from this Court's jurisdiction, pending a preliminary injunction hearing, will be granted.

Petitioner has also moved for an order requiring respondent to relinquish all passports in her own name or in the name of D.S., together with any copies thereof, to this Court. Such an order is a reasonable means of ensuring that D.S. will not be removed from this jurisdiction. For that reason, the order will issue.

**III.    Conclusion**

For the reasons set forth above:

1. Petitioner's emergency motion is GRANTED to the extent that it requests a temporary restraining order prohibiting respondent from removing the minor child D.S. from this Court's jurisdiction pending a preliminary injunction hearing. A temporary restraining order will issue separately.

2. Respondent is ORDERED to relinquish all passports in her own name or in the name of the minor child D.S., together with any copies thereof, to this Court.

3. The Clerk is directed to issue summons for service of the Verified Petition on respondent Magdala Prophete. The Clerk shall send the summons and this order to petitioner's counsel, who must thereafter arrange for service of the Verified Petition and this Order on respondent Magdala Prophete in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. The Court will defer ruling on the remaining issues raised by petitioner's verified petition and emergency motion at this time.

5. A preliminary injunction hearing has been set for Thursday, April 2, at 9:00 a.m.

**So Ordered.**

Dated: March 26, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge